K.C. JEROME WHITE,          )
                                 )
        Plaintiff,          )
                                 )
        v.                  )
                                 )          **O R D E R**
TAYLOR NORMAN,         )
                                 )
        Defendants.     )
_____)

     **THIS MATTER** is before this Court on initial review of Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (Document No. 1) filed on April 8, 2010.

     In his Complaint, Plaintiff alleges that Defendant used excessive force against him on April 3, 2009.   Plaintiff concedes in his Complaint that he filed a grievance but did not exhaust his administrative remedies.  Indeed, Plaintiff attached a copy of the step one response to his grievance in which he indicated that he agreed with the grievance response and did not appeal to step two.  (Complaint at 6.)

     The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions.[1]

---

[1] This Court is aware that some courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances.  See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Aceves v. Swanson, 75 Fed. App'x 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant

There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.") When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003). While, the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint, Jones v. Bock, 549 U.S. 199 (2007), a Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ, 407 F.3d at 674. Here, Plaintiff concedes that the he did not appeal to step two. Therefore, as admitted by Plaintiff, he has not exhausted his administrative remedies. Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear from the Plaintiff's Complaint and attached grievance that he has not exhausted his administrative remedies prior to filing his Complaint, Plaintiff's Complaint is dismissed without prejudice. Anderson v. XYZ Correctional, 407 F.3d 674, 682

_____

may be estopped from asserting exhaustion as a defense, where defendant's actions render the grievance procedure unavailable). However, such circumstances are not present in the instant case.

(2005).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed

without prejudice for failing to fully exhaust his administrative remedies prior to filing his

Complaint

**SO ORDERED**.

Signed: April 12, 2010

Graham C. Mullen
United States District Judge